**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1326 Doe Trail Road, Allentown, PA 18104 _____

Address of Defendant: _____ 230 Park Ave., New York, NY 10169 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/05/2018    EDWARD KOMITO, PRO SE    n/a
              *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify):* Defamation
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* TRO and Preliminary Injunction

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Edward Komito, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 07/05/2018    Edward Komito    n/a
            *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Edward Komito, Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| LexisNexis, Reed Elsevier and | : | |
| RELX Group LLC, Defendants | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　　( X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　　　( )

| | | |
|---|---|---|
| July 5, 2018 | *Edward Komito* | ――――― |
| | Edward Komito, Pro Se | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-395-7898 | 610-395-7898 | ekomito@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

Edward Komito, Plaintiff v. LexisNexis, Reed Elsevier, Inc. and
RELX Group LLC., Defendants.

CIVIL No.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA, ALLENTOWN DIVISION

July 5, 2018

Complaint

**COUNSEL:** Edward Komito, Plaintiff Pro Se.

**TITLE: PLAINTIFFS' COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY IN-
JUNCTION, AND PERMANENT INJUNCTION**

**TEXT:** Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff,
Edward Komito, moves this Court grant an order enjoining the Defendants LexisNexis,
Inc., Reed Elsevier, Inc., and RELX Group LLC, as follows:

1. a fourteen-day temporary restraining order enjoining the Defendants from
accepting or soliciting any new business within the jurisdiction of the Court, as
well as;
2. enjoining the Defendants from publishing any information about the Plaintiff,
and;
3. that it grant Plaintiff a hearing as soon as possible so that this Court may
grant a temporary injunction and permanent injunction preventing Defendants from
issuing further false, defamatory, libelous and misleading reports in regards to
Plaintiff, and;
4. establish appropriate safeguards to prevent a recurrence of said issuance of
false, defamatory, libelous and misleading reports in the future, and;
5. repair of the existing background report(s) of Plaintiff, and;
6. a letter(s) of correction acknowledging the erroneous report(s) previously
issued, to be signed by the CEO of RELX Group as well as the CEO of Lexis Nexis and
Reed Elsevier and approved by Plaintiff before mailing to all those individuals who
received these reports, and;
7. a full and complete listing of any and all individuals or entities who have
requested and or received such reports (pertaining to Plaintiff) over the past 15
years, and;
8. appropriate renumeration for Plaintiff's losses, as well as such other relief
as this Court may deem appropriate.

1. Jurisdiction is proper under Title 28, U.S.C., §§ 1332 and 1334, as
hereinafter more fully appears.

2. Venue is proper in the Eastern District of Pennsylvania, as the Plaintiff
is domiciled in Lehigh County. Defendants conduct business in Lehigh County
as well as throughout the State of Pennsylvania and more broadly, in every
state within the United States.  Defendant's main headquarters in the

United States are located at 230 Park Ave., New York, NY, 10169. Upon information and belief, RELX Group is the parent company of Defendants Reed Elsevier, Inc. and LexisNexis.

3. Plaintiff asks this Court to enjoin Defendants from conducting or soliciting any new business in Lehigh County and at the Court's discretion such other areas as may be within the Court's jurisdiction and that this Court grant a temporary injunction and permanent injunction preventing Defendants from issuing further false and misleading reports in regard to Plaintiff. Plaintiff's damages as a result of Defendants' actions are in excess of $75,000.00.

4. On June 20, 2018, Defendants LexisNexis and Reed Elsevier disseminated a report which contained both materially false and defamatory information regarding plaintiff (attached as "Exhibit A"). Such materially false, misleading, libelous and defamatory information was provided by the Defendants to a third party, Plan Member Services, for the purpose of Pre-Hire screening of Plaintiff for a position with Plan Member Services.

5. On June 27, 2018 Plaintiff received a copy of the report generated by the Defendants and published to Plan Member Services for the first time. In reviewing the report, Plaintiff noted numerous Judgments that had been extinguished by a Chapter 13 Bankruptcy but were still shown as outstanding according to Defendants' report.  Said Bankruptcy was discharged in or about December 2, 2008 and all debts extinguished. (attached as "Exhibit "B"). In addition, the report contained other alleged debts dating back nearly 30 years and are believed to be inaccurate.  Likewise, the report alleges unspecified criminal activity by the Plaintiff, that was "disposed" of in November 2013.

6. Upon reviewing all this information Plaintiff reached out to a number of individuals within the RELX and LexisNexis/Reed Elsevier organizations in an attempt to try and mitigate the damage being caused by these Defendants.

7. Defendants in most cases refused to provide the names of anyone who might be able to provide assistance, and further refused to even provide their own names or any other form of identification. The practice is so widespread within Defendants' organization that it can be presumed to be corporate policy.  In most cases when Plaintiff requested assistance, Defendants' representatives simply hung up the phone.  In other cases, Plaintiff was asked to "hold" and was left to hold for thirty minutes or more without any kind of further communication from Defendants.  Plaintiff managed to leave messages on the answering machines of two senior managers, but while one returned the call, he stated he was not in the area that handled such matters.  Another individual called to simply state that there was nothing to be done because Defendants relied on others to provide them with information and that they had no responsibility to accurately disseminate information.

8. Defendants have an obligation to dispute items brought to their attention as erroneous with the source that provided the information to the Defendants. However, Defendants were unwilling to accept Plaintiff's request to dispute the information. Instead, Defendants said they would speak with the end user, Plan Member Services, and advise them they were

not supposed to use the information provided for the purpose of hiring.
When asked how that would help the situation, Defendants would provide no
answer.  No other return calls or other communications were received from
Defendants.

9. If this Court does not enjoin Defendants, Plaintiff will likely continue
to suffer irreparable harm to his reputation as has occurred here (and as
will likely occur again in the future).

10. Plaintiff is engaged in trying to find suitable employment. Plaintiff
applied for a position with Plan Member Services.    Plan Member Services
required Plaintiff to complete a Pre-Hire Consent form (See Exhibit
"C")which authorized Plan Member Services to investigate Plaintiff's
background.   Plan Member Services employed the services of the Defendants
in order to investigate Plaintiff's background.   After receiving the
report in Exhibit "A" from the Defendants, Plan Member Services declined
to move forward with Plaintiff's employment citing the Exhibit "A" report
as the reason including specifically Plaintiff's alleged criminal in-
volvement.    Defendants' false, libelous, derogatory and misleading
report was not only the direct and proximate cause of Plaintiff being unable
to obtain employment with Plan Member Services, but likely resulted in a
similar disposition with other organizations that Plaintiff applied to.
Further, Defendants claim that as mere aggregators of information, they
have no responsibility for determining the veracity of the information they
provide and are thus not responsible for any false, defamatory or
misleading statements.   In addition, Defendants were unwilling to make any
modifications to the report or even investigate its veracity.

11. Defendants are engaged in, among other lines of business, the
dissemination of credit history and background checks, including criminal
background checks, through their Risk and Analytics division.   A temporary
injunction to preclude Defendants from any further dissemination of
Plaintiff's background and a suspension of new business within the area
of the Court's jurisdiction will not cause undue harm to Defendants,
especially when weighed against the irreparable damage caused by De-
fendants actions in disseminating false, libelous, derogatory and
misleading information; as well as the vital public interest of insuring
that these Defendants provide the end users of their service correct,
accurate, and up-to-date information about the subjects they investigate.

12. Plaintiff is likely to succeed on the merits of the underlying case.
By disseminating false, derogatory and misleading statements about
Plaintiff, Defendants are in violation of federal laws and regulations as
well as Pennsylvania state law and regulations and their obligation(s) to
Plaintiff.

13. The balance of hardships weighs decidedly in Plaintiff's favor. There
is significant actual and ongoing irreversible harm to Plaintiff as well
as potential additional harm if Defendants are not enjoined from continuing
to disseminate false and misleading information about Plaintiff. Con-
versely, if this Court prevents Defendants from publishing or providing
any information regarding Plaintiff, or soliciting or conducting new
business, it would merely maintain the status quo.

14. Finally, the public interest favors enjoining the Defendants from their
continuing dissemination of false and misleading information. No rea-

sonable public good can be served by allowing these Defendants to continue publishing libelous, defamatory, misleading and false information about the Plaintiff.  It is in the public interest to uphold the Defendants to their obligations under federal and state laws and regulations, It is in the public interest to ensure accurate, complete and up-to-date information before any dissemination or publication about the individual(s) that the Defendants purport to investigate.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff:

1. A fourteen-day temporary restraining order and preliminary injunction enjoining the Defendants from accepting or soliciting any new business, as well as;

2. Enjoin the Defendants from publishing any information about the Plaintiff, and;

3. Grant Plaintiff a hearing as soon as possible so that this Court may grant a temporary injunction and permanent injunction preventing Defendants from issuing further false, defamatory, libelous and misleading reports in regard to Plaintiff, and;

4. Establish appropriate safeguards to prevent a recurrence of said issuance of false and misleading reports in the future, and;

5. Repair of the existing background report(s) of Plaintiff, and;

6. A letter(s) of correction acknowledging the erroneous report(s) previously issued, to be signed by the CEO of RELX Group as well as the CEO of Lexis Nexis and Reed Elsevier and approved before mailing by the Plaintiff to all those individuals who received these reports, and;

7. A full and complete listing of any and all individuals or entities who have received such reports over the past 15 years, and;

8. Appropriate renumeration for Plaintiff's losses, as well as such other relief as this Court may deem appropriate.


Respectfully Submitted,

/s/ Edward Komito

Edward Komito
1326 Doe Trail Road
Allentown, PA 18104
Telephone (610) 395-7898
Facsimile (610) 395-7898
E-mail: ekomito@gmail.com
Plaintiff Pro Se


**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS REQUESTS FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

In support of Plaintiff's request for a temporary restraining order and pre-
liminary injunction against Defendants LEXISNEXIS, REED ELSEVIER AND RELX GROUP,
Plaintiff offers the following Memorandum of Law:

**STATEMENT OF FACTS**

On June 18, 2018, Plaintiff, EDWARD KOMITO (hereinafter "Komito") applied for a
position with Plan Member Services for a position as a Financial Advisor.  As part
of the application, Plan Member Services required Plaintiff to complete a Pre-Hire
Consent form which authorized Plan Member Services to investigate Plaintiff's
background.

On or about June 20, 2018 Plan Member Services requested Defendants to run a
background check on Plaintiff. Defendants ran the background check requested by Plan
Member Services.   The results of that background check request are attached in
"Exhibit A".

On June 27, 2018 Plaintiff received a copy of the aforementioned background check
provided to Plan Member Services by the Defendants. Upon receipt of the background
check Plaintiff noticed numerous inaccuracies that gave the impression that Plaintiff
was debt ridden and had criminal involvement. Plan Member Services was likewise left
with the impression, based upon the report provided by the Defendants, that Plaintiff
was debt ridden and had criminal involvement.  Plaintiff has no debt except for
monthly utility bills and a car payment. Plaintiff has a FICO score in excess of 800.
Plaintiff does not have nor has he ever had any kind of criminal involvement.

On June 27, 2018 Plaintiff reached out to LexisNexis and attempted to reach
individuals who might be able to assist in correcting the inaccuracies in the report.
Plaintiff was met with repeated hang-ups; transfers of calls to inappropriate
departments; extended periods of hold time in excess of a half hour and without any
indication as to when someone might answer the phone (the calls would then be
mysteriously disconnected); abusive treatment from employees; a failure of employees
to identify themselves; a refusal to provide supervisors or in any way provide any
sort of substantive assistance.  Ultimately, messages were left with a small number
of senior managers but only one (Ethan Eisner) called back two days later.  The other
never did. Eisner said he would have a senior manager return Plaintiff's call on
7/2/2018.   No such call ever occurred.

On June 28, 2018, an individual named Missy Cottongim who identified herself as
Global Operations Vice President of Customer Support contacted Plaintiff.
Cottongim stated as had many others that this matter was not her area of re-
sponsibility.  However, Cottongim claimed that an individual named Mike Tiller was
the individual responsible.   A conference call was initiated which included Mr.
Tiller and Ms. Cottongim.

During the conference call Plaintiff went line by line pointing out the various
inaccuracies within the report.    Tiller for his part stated that Plan Member
Services allegedly was not supposed to use the report in the way it was used and that
"someone" would reach out to Plan Member Services to remind them of the proper use
of the report.    Plaintiff asked Tiller how the use of the report was not in keeping
with it's proper use since the authorization form which Defendants relied upon clearly
stated "Pre-Hire Consent"? Tiller refused to respond to the question.    Plaintiff
then asked how speaking to Plan Member Services would resolve Plaintiff's concerns
about Defendants defamatory statements. Tiller again refused to respond.

Plaintiff made repeated requests to Tiller and Cottongim that the false and
defamatory information provided to Plan Member Services be removed.   Defendants have
refused to do so.  Defendants have refused to make any further contact or correct
their report.

The report issued by the Defendants is defamatory in nature; the report was published to a third party; the third party understanding of the communication is defamatory; the defamatory report references the plaintiff; and it has caused injury to the plaintiff.

Despite long, extensive experience and an unblemished compliance record within the Financial Services industry, Plaintiff is unable to obtain full-time employment as a result of Defendants defamatory, false, misleading and libelous statements.

## DISCUSSION

As stated in a line of cases beginning with Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), a court is to consider four factors in ruling on a request for a preliminary injunction or temporary restraining order: (1) the plaintiff's likelihood of success on the merits; (2) the likelihood of irreparable injury to the plaintiff if the injunction is denied; (3) the injury to the defendant if the injunction is granted; and (4) the public interest.

(1) Plaintiff's Likelihood of Success on the Merits

Plaintiff has a strong likelihood of success on the merits in the underlying suit for a permanent injunction stopping the Defendants from continuing to issue their false, misleading and defamatory reports related to the Plaintiff. The dissemination of defamatory, false and misleading background reports such as the one issued by the Defendants in Exhibit "A", is in violation of federal law, federal regulations, and state laws and regulations. For Plaintiff to prevail in this matter Plaintiff only need prove: 1. A defamatory statement; 2. About the Plaintiff; and 3. That it was "published". As discussed by the Supreme Court of Pennsylvania:

> …a plaintiff in libel in Pennsylvania need not prove special damages or harm in order to recover; he may recover for any injury done his reputation and for any other injury of which the libel is the legal cause. See Restatement (2d), § 621 & Comments. Courts in libel cases should be guided by the same general rules regarding damages that govern other types of tort recovery.

Agriss v. Roadway Express, Inc., 334 Pa. Super. 295 (1984).

Defendants actions can be seen easily in the context of Common Law Defamation. To create liability for defamation there must be: a. a false and defamatory statement concerning another; b. an unprivileged publication to a third party; c. fault amounting at least to negligence on the part of the publisher (with respect to the act of publication); and d. either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. (See Restatement(2d) §558)

To be defamatory under the general common law rule, a statement must hold the plaintiff up to scorn, ridicule or contempt. (See Restatement of Torts (2d) §559.) The Restatement provides that a communication is defamatory if it "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Id. See also Marchese v. Umstead, 110 F. Supp. 2d 361 (E.D. Pa. 2000), "Defamation is a communication which tends to harm an individual's reputation so as to lower him or her in the estimation of the community or deter third persons from associating or dealing with him or her. Elia v. Erie Ins. Exch.,430 Pa.Super. 384, 634 A.2d 657, 660 (1993).

Under Pennsylvania law, a plaintiff in a defamation action has the burden of proving the following: (1) the communication was defamatory; (2) publication by the defendant; (3) the communication applies to plaintiff; (4) the recipient of the communication understands the communication's defamatory meaning; (5) the recipient understands the communication to be intended to apply to plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. See 42 Pa. C.S.A. § 8343; see also Kiffin v. Barshak, 1999 WL 33110082, 1999 U.S. Dist. LEXIS 5582, at *21–*22 (E.D. Pa. April 14, 1999). Defendant bears the burden of proving (1) the truth of the defamatory communication; (2) the privileged character of the publication; and (3) that the subject matter was of public concern. See 42 Pa. C.S.A. § 8343.

Publication of defamatory matter is the intentional or negligent communication of such matter to one other than the person defamed. Chicarella v. Passant, 343 Pa. Super. 330 *Gaetano v. Sharon Herald Co., 426 Pa. 179, 182, 231 A.2d 753, 755 (1967); Agriss v. Roadway Express, Inc.,* 334 Pa.Superior Ct. 295, 328 , 483 A.2d 456, 463 (1984); Restatement(2d)of Torts §577

The Pennsylvania courts have unequivocally committed themselves to the Restatement's definition of defamatory communication: In Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc., 367 F.2d 625 (3d Cir. 1966) "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement, Torts § 559. *Cosgrove Studio & Camera Shop, Inc. v. Pane,* 408 Pa. 314 , 182 A.2d 751 (1962); *Birl v. Philadelphia Electric Co.* , 402 Pa. 297 , 167 A.2d 472 (1960).

It is equally clear that Pennsylvania follows §§ 570 and 573 of the Restatement whereby publication of slanderous statements concerning one's business, trade or profession are made actionable per se, that is, they are actionable without proof of special harm. *Fegley v. Morthimer* , 204 Pa.Super. 54 , 202 A.2d 125 (1964); *Cosgrove Studio & Camera Shop,Inc. v. Pane* , supra .

Finally, for Plaintiff to prevail in a defamation action, it is not necessary that he show that most people to whom the statement was communicated would have interpreted it in a defamatory fashion.   Rather, it is enough for the Plaintiff to show that a "substantial and respectable minority" or a "right-thinking minority" would comprehend the defamatory nature of the communication." (Restatement (2d) Torts §559 cmt. e)

(2) Likelihood of Irreparable Injury to Plaintiff

The balance of hardships weighs decidedly in Plaintiff's favor. There is potential and actual significant, irreversible harm to Plaintiff if Defendants are not enjoined from continuing to disseminate false, derogatory, defamatory and misleading information. Conversely, if this Court prevents Defendants from soliciting or conducting new business, it would merely maintain the status quo while at the same time affording Defendants the opportunity to correct the deficiencies in their reporting. Plaintiff has already suffered immediate actual and irreparable harm due to the false, misleading and defamatory nature of the defendant's publication and will continue to be harmed. Plaintiff has been advised by at least one potential employer that due to the information supplied by the Defendants, employer would not

be moving forward with an offer for employment. Defendants should not be allowed to continue to harm Plaintiff with impunity.

According to the Defendant's 2017 annual report, LexisNexis Risk Solutions works with more than 75% of Fortune 500 companies, eight out of 10 of the world's top banks and 95 out of the top 100 personal lines insurance companies. These are exactly the target audience of Plaintiff.  Due to Defendant's false, misleading, and defamatory reports irreversible harm has already occurred as is the case with Plan Member Services.  Inasmuch as Plaintiff has applied to financial service and allied companies such as insurance carriers and banks, and Fortune 500 companies for employment, continuing, significant and irreversible harm is likely to continue to occur.  As a result of the defendants ongoing false, derogatory, defamatory and misleading publication(s), said reports have likely caused him to not receive offers of employment at these establishments as well.

(3) Likelihood of Injury to the Defendant if the Injunction Is Granted

Plaintiff can envision no harm to these Defendants that would militate against granting Plaintiff's request.  No injury to Defendants would arise by enjoining Defendants from issuing any publication about Plaintiff until such time as this Court has an opportunity to rule on the merits.

(4) Public Interest

The public interest strongly favors enjoining the Defendants from continuing to issue false, misleading, defamatory and derogatory publications.  It is in the public interest to ensure that these defendants publish only accurate and current information, and not continue to harm Plaintiff and others with false, derogatory, misleading and defamatory information.  In Schanne v. Addis, 632 Pa. 545 The Supreme Court of Pennsylvania held: "Pennsylvania law closely guards the ability of a person whose reputation has been injured by defamatory statements to obtain redress for such injury." In American Future Systems v. Better Business Bureau, 592 Pa. 66, 923 A.2d 389 (2007), the Court explained that the Pennsylvania Constitution "places reputational interests on the highest plane, that is, on the same level as those pertaining to life, liberty, and property." Id. at 77 n.7, 923 A.2d at 395 n.7; see Pa. Const. art. I §1 ("All men . . . have certain inherent and indefeasible rights, among which are those of enjoying and defending . . . reputation . . .."); id. §11 ("[E]very man for an injury done him in his . . . reputation shall have remedy by due course of law . . .."); see also Norton v. Glenn, 580 Pa. 212, 225-26, 860 A.2d 48 , 56 (2004) ("The right of a man to the protection of his own reputation from unjustified invasion and wrongful hurt reflects no more than our basic concept of the essential dignity and worth of every human being . . .." (quoting Milkovich v. Lorain Journal Co., 497 U.S. 1, 22, 110 S. Ct. 2695, 2708, 111 L. Ed. 2d 1 (1990))). See generally Rosenblatt v. Baer, 383 U.S. 75, 86, 86 S. Ct. 669, 676, 15 L. Ed. 2d 597 (1966) (recognizing that "[s]ociety [**947] has a pervasive and strong interest in preventing and redressing attacks upon reputation").

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff:

1. a fourteen-day temporary restraining order enjoining the Defendants from accepting or soliciting any new business within the jurisdiction of the Court, as well as;

2. enjoining the Defendants from publishing any information about the Plaintiff, and;

3. that it grant Plaintiff a hearing as soon as possible so that this Court may grant a temporary injunction and permanent injunction preventing Defendants from issuing further false, defamatory, libelous and misleading reports in regards to Plaintiff, and;

4. establish appropriate safeguards to prevent a recurrence of said issuance of false and misleading reports in the future, and;

5. repair of the existing background report(s) of Plaintiff, and

6. a letter(s) of correction acknowledging the erroneous report(s) previously issued, to be signed by the CEO of RELX Group as well as the CEO of Lexis Nexis and Reed Elsevier and approved before mailing by the Plaintiff to all those individuals who received these reports, and;

7. a full and complete listing of any and all individuals or entities who have received such reports over the past 15 years, and;

8. appropriate renumeration for Plaintiff's losses, as well as such other relief as this Court may deem appropriate.


Respectfully Submitted,

/s/ Edward Komito

1326 Doe Trail Road
Allentown, PA 18104
Telephone (610) 395-7898
Facsimile (610) 395-7898
E-mail: ekomito@gmail.com
Plaintiff Pro Se


**AFFIDAVIT REGARDING PLAINTIFF'S COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PURSUANT TO RULE 65(b)(2)**

Pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, EDWARD KOMITO, submits the following Affidavit, which certifies Plaintiff's efforts to give notice to Defendants, LexisNexis, Reed Elsevier and RELX Group LLC and to fulfill the requirements of Rule 65(b)(2). Plaintiff pro se, Edward Komito, swears under oath that:


1. Plaintiff filed the present action on the morning of Friday, July 6, 2018 to enjoin Defendant from accepting or soliciting any new business within the jurisdiction of this Court, as well as enjoining the Defendants from publishing any further derogatory, false, and misleading information about the Plaintiff.

2. Plaintiff Pro Se, EDWARD KOMITO, submits that he has made the following attempts to notify Defendant of Plaintiffs' requests and of the present hearing:

a. On Wednesday, June 27, 2018, Plaintiff, informed Defendants, by phone that Defendants were issuing false, misleading, and defamatory information about Plaintiff and Defendants did not have the right to do so. Plaintiff further requested Defendants contact him to discuss the matter. Defendants did not respond to the June 27, 2018 contacts.

b. On Thursday, June 28, 2018, Plaintiff spoke with Defendants who again refused to make any changes to their report stating only that they would speak with another firm, Plan Services, who Plaintiff was seeking employment from, about the proper use of Defendant's report.

c. On Friday, June 29, 2018, at about 3:53PM, Plaintiff spoke with Annette Gaines who said she was Senior Director and Senior Corporate Counsel for the Defendants. Ms. Gaines stated she was unwilling to institute or even investigate any changes to the report that Plaintiff objects to. Gaines was unwilling to provide any specific contact information or the name of the registered agent for the Defendants. Plaintiff advised Ms. Gaines of his intention to seek a TRO. Ms. Gaines wished Plaintiff luck trying to find Defendant's registered agent which she was unwilling to provide.

d. On Saturday, June 30, 2018 Plaintiff spoke with Ethan Eisner. After Plaintiff discussed his concerns with Mr. Eisner, Eisner said he would have someone get in contact with Plaintiff on Monday, July 2, 2018. No contact has been received by Plaintiff from any Defendants or their representative since June 30, 2018.

e. Plaintiff reached out to Glenn Brown, Senior Vice President and General Counsel for LexisNexis Risk Solutions. Plaintiff left a message for Mr. Brown on June 28, 2018 to inform him of Plaintiff's intent to seek relief and provide Defendants notice that Plaintiff was seeking an immediate hearing on Plaintiff's request for a temporary restraining order. As in every other instance, Defendants refused to return a call or provide contact information such as a facsimile number or e-mail which would allow Plaintiff to provide notice to these Defendants.

Given under my hand this 5th day of July, 2018.

/s/ Edward Komito
Edward Komito

[SEE PLAINTIFF'S EXHIBIT A IN ORIGINAL]

[SEE PLAINTIFF'S EXHIBIT B IN ORIGINAL]

[SEE PLAINTIFF'S EXHIBIT C IN ORIGINAL]

Subscribed and sworn to before me this 5th day of July, 2018.

/s/ *Edward Komito*

Respectfully Submitted,

/s/ Edward Komito

Edward Komito
1326 Doe Trail Road
Allentown, PA 18104
Telephone 610-395-7898
Facsimile 610-395-7898
E-mail: ekomito@gmail.com
Plaintiff Pro Se

A

**1 OF 1 RECORD(S)**

FOR INFORMATIONAL PURPOSES ONLY
Copyright 2018 LexisNexis a division of Reed Elsevier Inc. All Rights Reserved.

Date:6/20/2018 / Report processed by: Plan Member Services||

| Full Name | Address | County | Phone |
|---|---|---|---|
| KOMITO, EDWARD LAWRENCE | 1326 DOE TRAIL RD ALLENTOWN, PA 18104-2053 LEHIGH COUNTY | LEHIGH | None Listed |

## ADDITIONAL PERSONAL INFORMATION

| SSN | DOB | Gender | LexID(sm) |
|---|---|---|---|
| ████ | 9/1958 (Age:59) | | 001419095593 |

## Subject Summary

### Name Variations

1:   KIMITO, EDWARD L
2:   KOMITO, E
3:   KOMITO, EDWARD
4:   KOMITO, EDWARD L
5:   KOMITO, EDWARD LAWRENCE
6:   KOMITO, EDWIN

### SSNs Summary

| No. | SSN | State Iss. | Date Iss. | Warnings |
|---|---|---|---|---|
| 1: | ████ | New Jersey | | |

Most frequent SSN attributed to subject: 1966-1967

### DOBs

Reported DOBs:
9/1958

## Bankruptcy Information - 1 records found

### 1: NEW JERSEY - NEWARK

**Petitioner Information**

Name:   KOMITO, EDWARD

Address:   577 EDER AVE WYCKOFF, NJ 07481-1145

SSN:

Type:   INDIVIDUAL - INDIVIDUAL

**Bankruptcy Information**

Case Number:   0443720

Court:   NEW JERSEY - NEWARK

Filing Date:   10/21/2004

Filing Type:   CHAPTER 13

Meeting Date:

Meeting Time:   1000

*Already Reported on #4*

**Status Information**

Status:   DISCHARGED

Status Date:   12/02/2008

**Attorney Information**

**Attorney 1**

Name:

WILLIAM C JAEKEL ATT AT LAW

Address: 41 ORCHARD ST STE 101 RAMSEY, NJ 07446-1158

**Attorney 2**

Name: JAEKEL, WILLIAM C

Address: 41 ORCHARD ST STE 101 RAMSEY, NJ 07446-1158

## Judgments/Liens - 15 records found

### 1: NJ Judgments and Liens Filings

**Debtor Information**

Name: KOMITO, EDWARD

SSN: ~~████████~~

Address: 577 EDER AVE
WYCKOFF, NJ 07481-1145
BERGEN COUNTY

**Creditor Information**

Name: AMERICAN EXPRESS CENTURION BANK

**Filing Information**

Jurisdiction: NJ

Amount: $13,223.90

Filing Date: 10/27/2004

Case Number: DJ-00290137-2004-

Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK THE COURT FOR THE CURRENT STATUS

**Filing 1**

Number: DJ-290137-2004

Type: JUDGMENT

Agency: NEW JERSEY SUPERIOR COURT

Agency State: NJ

Agency County: BERGEN

*Not on my*

### 2: NJ Judgments and Liens Filings

**Debtor Information**

Name: KOMITO, EDWARD

SSN: ~~████████~~

Address: 577 EDER AVE
WYCKOFF, NJ 07481-1145
BERGEN COUNTY

**Creditor Information**

Name: AMERICAN EXPRESS CENTURION

**Filing Information**

Jurisdiction: NJ

Amount: $13,182.90

Filing Date: 8/16/2004

Case Number: JC-00013167-2004-DC

Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK THE COURT FOR THE CURRENT STATUS

**Filing 1**

Number: DC-013167-2004

Type: JUDGMENT

Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION SPECIAL CIVIL PART

Agency State: NJ

Agency County: BERGEN

### 3: NJ Judgments and Liens Filings

**Debtor Information**

Name: KOMITO, EDWARD

SSN: ~~████████~~

Address: 577 EDER AVE
WYCKOFF, NJ 07481-1145
BERGEN COUNTY

**Creditor Information**

Name: AMERICAN EXPRESS CENTURION

**Filing Information**

Jurisdiction: NJ

Amount: $12,856.76

Filing Date: 6/17/2004

*Not on my*

Case Number: SC-00013167-2004-DC
Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK THE COURT FOR THE CURRENT STATUS

### Filing 1

Number: DC-013167-2004
Type: CIVIL SUIT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION SPECIAL CIVIL PART
Agency State: NJ
Agency County: BERGEN

## 4: NJ Judgments and Liens Filings

### Debtor Information

Name: KOMITO, EDWARD
SSN: ▓▓▓▓▓▓▓▓▓
Address: 577 EDER AVE
WYCKOFF, NJ 07481-1145
BERGEN COUNTY

### Creditor Information

Name: SUNSHINE ATKINS MINASSIAN &

*Not on u4*

### Filing Information

Jurisdiction: NJ
Amount: $25,111.26
Filing Date: 1/13/2004
Case Number: SL-00000535-2004-
Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK THE COURT FOR THE CURRENT STATUS

### Filing 1

Number: L 000535 04
Type: CIVIL SUIT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION
Agency State: NJ
Agency County: BERGEN

## 5: NJ Judgments and Liens Filings

### Debtor Information

Name: KOMITO, EDWARD
SSN: ▓▓▓▓▓▓▓▓▓
Address: 577 EDER AVE
WYCKOFF, NJ 07481-1145
BERGEN COUNTY

### Creditor Information

Name: JOSEPH C NOTO

*Not on u4*

### Filing Information

Jurisdiction: NJ
Amount: $3,688.50
Filing Date: 3/12/2003
Case Number: SC-00006190-2003-DC
Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK THE COURT FOR THE CURRENT STATUS

### Filing 1

Number: DC-006190-2003
Type: CIVIL SUIT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION SPECIAL CIVIL PART
Agency State: NJ
Agency County: BERGEN

## 6: NJ Judgments and Liens Filings

### Debtor Information
### Debtor 1

Name: KOMITO, EDWIN
SSN: ▓▓▓▓▓▓▓▓▓
Address: 35 JOHN ST
HALEDON, NJ 07508-1445
PASSAIC COUNTY

*Not on u4*

### Debtor 2

Company Name: INDUSTRIAL ROOFING & SHEET MET

Address: 38 E RIDGEWOOD AVE
RIDGEWOOD, NJ 07450-3808
BERGEN COUNTY

**Creditor Information**
Name: GRACIANO CORP

**Filing Information**
Jurisdiction: NJ
Filing Date: 12/26/2000
Case Number: SL-00000047-2001-
Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK THE COURT FOR THE CURRENT STATUS

**Filing 1**
Number: L 000047 01
Type: CIVIL SUIT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION
Agency State: NJ
Agency County: ESSEX

## 7) NJ Judgments and Liens Filings

**Debtor Information**
Name: KOMITO, EDWARD

SSN: ████████████

Address: 577 EDER AVE
WYCKOFF, NJ 07481-1145
BERGEN COUNTY

*Not an ???*

**Creditor Information**
Name: MONMOUTH OCEAN COLLECTION SVC

**Filing Information**
Jurisdiction: NJ
Amount: $458.10
Filing Date: 3/8/2000
Case Number: JC-00016222-1999-DC
Release Date: 6/21/2001
Filing Status: SATISFIED

**Filing 1**
Number: DC-016222-1999
Type: JUDGMENT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION SPECIAL CIVIL PART
Agency State: NJ
Agency County: BERGEN

## 8: NJ Judgments and Liens Filings

**Debtor Information**
Name: KOMITO, EDWARD

SSN: ████████X

Address: 577 EDER AVE
WYCKOFF, NJ 07481-1145
BERGEN COUNTY

*Not an ??? (may not be reportable)*

**Creditor Information**
Name: MONMOUTH OCEAN COLLECTION SVC

**Filing Information**
Jurisdiction: NJ
Amount: $402.00
Filing Date: 12/8/1999
Case Number: SC-00016222-1999-DC
Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK THE COURT FOR THE CURRENT STATUS

**Filing 1**
Number: DC-016222-1999
Type: CIVIL SUIT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION SPECIAL CIVIL PART
Agency State: NJ
Agency County: BERGEN

## 9: NJ Judgments and Liens Filings

**Debtor Information**
Debtor 1

Name: KOMITO, EDWARD
SSN: ██████████
Address: 577 EDER AVE
WYCKOFF, NJ 07481-1145
BERGEN COUNTY
**Debtor 2**
Company Name: BANK OF NEW YORK
**Debtor 3**
Company Name: NATIONAL COMMUNITY BANK OF NEW JERSEY
**Creditor Information**
Name: EIFFEL TOWER CO OP INC
**Filing Information**
Jurisdiction: NJ
Filing Date: 11/18/1997
Case Number: SL-00010783-1997-
Release Date: 6/15/1998
Filing Status: SETTLED
**Filing 1**
Number: L 010783 1997
Type: CIVIL SUIT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION
Agency State: NJ
Agency County: BERGEN

*? may not be Reportable*

**10: NJ Judgments and Liens Filings**

**Debtor Information**
Name: KOMITO, EDWARD
SSN: ██████████
Address: 351 ANDERSON ST
HACKENSACK, NJ 07601-2829
BERGEN COUNTY
**Creditor Information**
Name: BANK OF NEW YORK
**Filing Information**
Jurisdiction: NJ
Amount: $64,211.00
Filing Date: 12/26/1996
Case Number: SL-00012103-1996-
Release Date: 8/27/1997
Filing Status: DISMISSED
**Filing 1**
Number: L 012103 1996
Type: CIVIL SUIT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION
Agency State: NJ
Agency County: BERGEN

*? may not be Reportable*

**11: NJ Judgments and Liens Filings**

**Debtor Information**
Name: KOMITO, EDWARD
SSN: ██████████
Address: 351 ANDERSON ST
HACKENSACK, NJ 07601-2829
BERGEN COUNTY
**Creditor Information**
Name: CALLAHAN LAWYERS SERVICE
**Filing Information**
Jurisdiction: NJ
Amount: $63.90
Filing Date: 10/13/1994
Case Number: DJ-00096849-1994-
Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK
THE COURT FOR THE CURRENT STATUS
**Filing 1**
Number: SC-916-94
Type: JUDGMENT

*may not be Reportable*

Agency: NEW JERSEY SUPERIOR COURT
Agency State: NJ
Agency County: BERGEN

**12: NJ Judgments and Liens Filings**

### Debtor Information
Name: KOMITO. EDWARD
SSN: ██████████
Address: 351 ANDERSON ST
HACKENSACK, NJ 07601-2829
BERGEN COUNTY

### Creditor Information
Name: CALLAHAN LAYWERS SERVICE

### Filing Information
Jurisdiction: NJ
Amount: $63.90
Filing Date: 10/13/1994
Case Number: DJ-00096849-1994-
Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK THE COURT FOR THE CURRENT STATUS

### Filing 1
Number: DJ-096849-1994
Type: JUDGMENT
Agency: NEW JERSEY SUPERIOR COURT
Agency State: NJ
Agency County: BERGEN

**13: NJ Judgments and Liens Filings**

### Debtor Information
Name: KOMITO, EDWARD
SSN: ██████████
Address: 351 ANDERSON ST
HACKENSACK, NJ 07601-2829
BERGEN COUNTY

### Creditor Information
Name: CALLAHAN LAWYERS SERVICE

### Filing Information
Jurisdiction: NJ
Amount: $45.00
Filing Date: 3/14/1994
Case Number: JC-00000916-1994-SC
Release Date: 9/17/1996
Filing Status: SATISFIED

### Filing 1
Type: JUDGMENT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION SPECIAL CIVIL PART
Agency State: NJ
Agency County: BERGEN

**14: NJ Judgments and Liens Filings**

### Debtor Information
Name: KOMITO, EDWARD
SSN: ██████████
Address: 351 ANDERSON ST
HACKENSACK, NJ 07601-2829
BERGEN COUNTY

### Creditor Information
Name: CALLAHAN LAWYERS SERVICE

### Filing Information
Jurisdiction: NJ
Amount: $45.00
Filing Date: 2/16/1994
Case Number: SC-00000916-1994-SC
Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK THE COURT FOR THE CURRENT STATUS

### Filing 1

Type: CIVIL SUIT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION SPECIAL CIVIL PART
Agency State: NJ
Agency County: BERGEN

15: NJ Judgments and Liens Filings

### Debtor Information
Name: KOMITO, EDWARD

SSN: ▮▮▮▮▮▮▮▮▮
Address: 151 PROSPECT AVE
HACKENSACK, NJ 07601-2209
BERGEN COUNTY

### Creditor Information
Name: PARAMUS HONDA

### Filing Information
Jurisdiction: NJ
Amount: $1,000.00
Filing Date: 7/24/1992
Case Number: SC-00085332-1992-SC
Filing Status: UPDATES MAY BE PRESENT ELSEWHERE IN THIS REPORT; CHECK
THE COURT FOR THE CURRENT STATUS

### Filing 1
Type: CIVIL SUIT
Agency: NEW JERSEY SUPERIOR COURT LAW DIVISION SPECIAL CIVIL PART
Agency State: NJ
Agency County: BERGEN

## Business Associates - 1 records found
### 1: ELK CAPITAL ADVISORS LLC
Name: KOMITO, EDWARD

Address: 1326 DOE TRAIL RD
ALLENTOWN, PA 18104-2053
Status: ACTIVE
State: PA
Corporation Number: 6358751
Descriptive Status: ACTIVE
Title: OWNER
Record Type: CURRENT
Record Date: 6/11/2018
Filing Date: 2/12/2016

## Criminal Filings - 4 records found
### 1: Pennsylvania Court Report

### Offender information
Name: KOMITO, EDWARD LAWRENCE
Address: ALLENTOWN, PA 18104
LEHIGH COUNTY
Case Number: MJ-31106-TR-0000607-2014
Case Filing Date: 03/19/2014
Case Type: TRAFFIC
DOB: 09/1958
SSN: ▮▮▮▮▮▮▮▮X
Sex: Male

### Offenses
Case Filing Date: 03/19/2014
Offense Date: 03/18/2014
Court Description: MAGISTERIAL DISTRICT COURT
Case Number: MJ-31106-TR-0000607-2014
Court Offense: EXCEED 55 MPH IN OTHER LOC BY 22 MPH
Court Statute: 75.3362.A2-22
Court Level/Degree: TRAFFIC

### 2: Pennsylvania Court Report

### Offender information
Name: KOMITO, EDWARD

Address: ALLENTOWN, PA 18104
LEHIGH COUNTY
Case Number: MJ-31106-TR-0000607-2014
Case Filing Date: 03/19/2014
Case Type: TRAFFIC
DOB: 09/1958
SSN: ■■■■■■■■
Sex: Male

### Offenses
#### Offense #1

Case Filing Date: 03/19/2014
Offense Date: 03/18/2014
Court Description: MAGISTERIAL DISTRICT COURT
Case Number: MJ-31106-TR-0000607-2014
Court Offense: EXCEED 55 MPH IN OTHER LOC BY 22 MPH
Court Statute: 75.3362.A2-22
Court Disposition: GUILTY OF A LESSER CHARGE
Court Disposition Date: 08/26/2014
Court Level/Degree: TRAFFIC

#### Offense #2

Case Filing Date: 03/19/2014
Offense Date: 03/18/2014
Court Description: MAGISTERIAL DISTRICT COURT
Case Number: MJ-31106-TR-0000607-2014
Court Offense: OBEDIENCE TO TRAFFIC-CONTROL DEVICES
Court Statute: 75.3111.A
Court Disposition: GUILTY PLEA
Court Disposition Date: 08/26/2014
Court Level/Degree: TRAFFIC

## 3: North Carolina Court Report

### Offender information
Name: KOMITO, EDWARD LAWRENCE
Address: 1326 DOE TRAIL RD
ALLENTOWN, PA 18104-2053
LEHIGH COUNTY
Case Number: 4802013CR 714358
Case Filing Date: 11/29/2013
Case Type: CRIMINAL
DOB: 09/1958
SSN: ■■■■■■■■
Race: WHITE
Sex: Male

### Offenses
Case Filing Date: 11/29/2013
Court Case Number: 4802013CR 714358
Court Offense: NOT SPECIFIED
Court Disposition: DISPOSED

## 4: Pennsylvania Court Report

### Offender information
Name: KOMITO, EDWARD L
Address: ALLENTOWN, PA 18104
LEHIGH COUNTY
Case Number: MJ-31203-TR-0000445-2012
Case Filing Date: 04/12/2012
Case Type: TRAFFIC
DOB: 09/1958
SSN: ■■■■■■■■
Sex: Male

### Offenses
Case Filing Date: 04/12/2012
Offense Date: 04/11/2012
Court Description: MAGISTERIAL DISTRICT COURT

Case Number: MJ-31203-TR-0000445-2012
Court Offense: OBEDIENCE TO TRAFFIC-CONTROL DEVICES
Court Statute: 75.3111.A
Court Disposition: GUILTY PLEA
Court Disposition Date: 04/23/2012
Court Level/Degree: TRAFFIC

**Sources - 117 records found**

| | |
|---|---|
| All Sources | 117 Source Document(s) |
| Bankruptcy Records | 1 Source Document(s) |
| Corporate Affiliations | 1 Source Document(s) |
| Criminal | 4 Source Document(s) |
| Deed Transfers | 1 Source Document(s) |
| Email addresses | 7 Source Document(s) |
| Historical Person Locator | 25 Source Document(s) |
| Liens and Judgments | 15 Source Document(s) |
| Person Locator 1 | 11 Source Document(s) |
| Person Locator 2 | 9 Source Document(s) |
| Person Locator 5 | 21 Source Document(s) |
| Person Locator 6 | 8 Source Document(s) |
| Phone | 2 Source Document(s) |
| PhonesPlus Records | 2 Source Document(s) |
| Professional Licenses | 6 Source Document(s) |
| Utility Locator | 3 Source Document(s) |
| Voter Registrations | 1 Source Document(s) |

B

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

Case No.: 04–43720–MS
Chapter: 13
Judge: Morris Stern

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Edward Konnito
577 Eder Ave.
Wyckoff, NJ 07481

Social Security No.:
xxx–xx–1789

Employer's Tax I.D. No.:

# DISCHARGE OF DEBTOR AFTER COMPLETION
# OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: December 2, 2008

Morris Stern
United States Bankruptcy Judge

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

031253

C

## Section Ten
*Outside Business*
*Activity Disclosure*

**If you are employed by or receive compensation from another business entity or individual, you are engaged in an outside business activity outside the scope of your employment or proposed employment with PlanMember Securities Corporation.** Under FINRA Conduct Rule 3030, persons associated with PlanMember are required to report any kind of business activity (insurance or otherwise) they engage in away from their firm. Furthermore, it is the policy of PlanMember Securities Corporation that any such outside business activity must be approved by the Compliance Department in writing prior to engagement in said activity. **If you are engaged in any outside business activity, including Fixed Insurance, you must complete an Outside Business Activity Form prior to registration.**

I have Outside Business Activity (ie: insurance, real estate, mortgage services, etc.) to report: ☑Yes ☐ No

Nature of Business __Insurance__

Is this business investment related? ☑Yes ☐ No

Your Position/Title or Relationship _____

## Section Eleven
*Signature and*
*Pre-Hire Consent*

**I, the undersigned applicant ( ☐ am ) ( ☐ am not ) currently registered to sell securities with another broker/dealer, the FINRA, and the state(s) in which I intend to make sales.**

*I hereby acknowledge, represent and agree that I shall make no solicitations or sales until I am notified by PlanMember Securities Corporation that I am fully registered by both the FINRA and the particular state(s) in which I intend to make sales. This includes the period between my resignation from the broker/dealer with which I am currently registered and the date PlanMember Securities Corporation notifies me that my registration transfer is complete. I realize that what may constitute a solicitation may include merely my mentioning or suggesting to previous clients, existing clients or prospective clients to give consideration to investing in a security, and may also include my referring any clients to registered representatives of PlanMember Securities Corporation or any other broker/dealer, depending upon the particular state law. I have read and understand the applicable laws of the state or states in which I operate or intend to operate, and I am aware of the activities that would constitute a solicitation in such state or states, and will comply with the provisions of such laws. The signature below authorizes PlanMember Securities Corporation to access the FINRA Central Registration Depository to review my disciplinary history and to provide your personal information to a third-party vendor to conduct a background search.*

*Further, I acknowledge and understand that any product or business affiliation outside the scope of PlanMember Securities Corporation must be approved by the Compliance Department in writing prior to my participation. Furthermore, I understand that the purpose of this form is for disclosure only and does not constitute approval of any outside business activity cited above. I also understand that I have an obligation to immediately notify the Compliance Department if any information provided above changes.*

*If you choose to sign in a digital form below, you affirm that this replaces a traditional ink signature and entitles PlanMember to act upon the information in the same manner.*

*I authorize PlanMember Securities Corporation to investigate my background, including, but not limited to, the information contained in this business profile, the review of Credit Bureau Reports, CRD records, IARD records, and any other databases/services that provide publicly available information and hereby release PlanMember Securities Corporation, its officers, directors, employees, and affiliates, from all liability for any damages that may result from obtaining or furnishing the same.*

Please print this form, then sign __EDWARD KOMITO__ Date _____*

*Please note within six months we reserve the right to require a new signature and date if not active with PlanMember.

**When completed, please fax, mail or scan and email to:**

**Partner Development — Recruiting**      **Fax:** (800) 614-8522
PlanMember Securities Corporation      **Email:** ksilverman@planmember.com
6187 Carpinteria Ave
Carpinteria, CA 93013

FAP0217